JUDGE OETKEN

14 CV 510

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
QUANDRALIN DOCKERY,

                            Plaintiff,

                        -against-

THE CITY OF NEW YORK, JOHN DOE POLICE
OFFICERS & JANE DOE POLICE OFFICERS,

                            Defendants.
------------------------------------------------------X

COMPLAINT

Civ. No.

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

RECEIVED JAN 28 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by her attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants, respectfully alleges upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq.* for an incident of police misconduct and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about July 5, 2013 and thereafter, when police officers employed by THE CITY OF NEW YORK wrongfully detained, falsely arrested, falsely imprisoned and further maliciously prosecuted Plaintiff QUANDRALIN DOCKERY in New York County Criminal Court.

### STATEMENT OF FACTS

2. On or about July 5, 2013 at approximately 1:00 a.m., Plaintiff left her mother's apartment and walked east toward her apartment on Lexington Avenue, where she has lived for the past seven years.

3. Plaintiff is the mother of five children, and she was aware at the time she approached her apartment building that one of her older sons was out with friends somewhere in the vicinity.

4. Plaintiff observed a young man "laid out" supine on the ground near the front of Plaintiff's apartment building. Blood poured from the young man's mouth, and his eyes remained closed. Plaintiff recognized the young man from her neighborhood. The young man did not move, and Plaintiff initially believed that he was dead.

5. Concerned for the young man's well-being, Plaintiff lawfully and peacefully stopped and stood on the sidewalk at or near the corner of 118th Street and Lexington Avenue in New York County. Plaintiff approached approximately four uniformed Defendant JOHN and JANE DOE POLICE OFFICERS present at the scene. Plaintiff asked whether Defendants had called an ambulance for the young man. Defendants indicated that they had called an ambulance.

6. Plaintiff lawfully and peacefully remained on the sidewalk and waited for an ambulance to arrive. An extended period of time elapsed, but no ambulance arrived at the scene. During this time, approximately four more uniformed Defendant JOHN and JANE DOE POLICE OFFICERS arrived at the scene. Defendants never asked Plaintiff to leave the scene. Plaintiff again approached Defendants to confirm that they actually had called an ambulance to help the young man. At this time, a police van arrived at the scene.

7. Defendant JOHN DOE POLICE OFFICER, a Lieutenant or Sergeant, leaped out of the police van, approached Plaintiff and asked what had happened. Plaintiff responded, "I don't know." The Lieutenant or Sergeant Defendant JOHN DOE POLICE OFFICER stated, "Get the fuck out of here." Plaintiff replied, "Please do not speak to me like that." Plaintiff tried to explain that she was only trying to learn if the young man was alright, if anyone had contacted his family, and whether an ambulance had been called.

8. As Plaintiff backed away from the officers, the Lieutenant or Sergeant Defendant JOHN DOE POLICE OFFICER ordered: "Arrest her." Defendant JOHN and JANE DOE

POLICE OFFICERS handcuffed Plaintiff. Defendants escorted Plaintiff around the corner to the 25th Precinct. When Plaintiff asked Defendants why she was under arrest, Defendants simply snarled, "Shut up and keep walking." Defendants never told Plaintiff why she had been arrested.

9. Defendants wrongfully detained Plaintiff in excess of four hours. Plaintiff was subjected to an intrusive and embarrassing full body search. Plaintiff remained handcuffed the entire time, even while alone in the holding cell. Plaintiff informed Defendants that she is a Type II Diabetic. Despite Plaintiff's medical condition, Defendants refused to loosen or remove her handcuffs at any time.

10. After 6:00 a.m., Defendants released Plaintiff, issuing a Desk Appearance Ticket for a court date in or about September 2013. On or about September 23, 2013, when Plaintiff appeared at Summons Court, all criminal charges filed against her were dismissed.

11. On or about July 5, 2013, without probable cause, Defendants filed criminal charges for Disorderly Conduct against Plaintiff in New York County, which were ultimately dismissed in Plaintiff's favor on or about September 23, 2013. As a result of Defendants' actions, Plaintiff QUANDRALIN DOCKERY suffered and continues to suffer emotional and psychological trauma, distress, humiliation, and embarrassment.

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 in that this action arises under 42 U.S.C. § 1983 *et. seq.*, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.